UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O, JS-6

CIVIL MINUTES - GENERAL

Case No. SACV 10-1612 DOC (RZx)                  Date: Jan. 27, 2011

Title: ROBIN STRICKLER v. COUNTRYWIDE BANK, N.A. et. al.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kathy Peterson | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                  NONE PRESENT

PROCEEDING (IN CHAMBERS): GRANTING MOTION TO DISMISS IN PART; REMANDING CASE

       Before the Court is a Motion to Dismiss filed by Defendants Bank of America, N.A. (successor-in-interest to Countrywide Bank, FSB, f/k/a/ "Countrywide Bank, N.A."), BAC Home Loans Servicing, LP, ReconTrust Company, N.A., Mortgage Electronic Registration Systems, Inc., and Wells Fargo Bank, N.A., as Trustee for the Holders of Harborview Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2006-12 (collectively, "Defendants") in the above-captioned case ("Motion") (Docket 6). After considering the moving, opposing and replying papers thereon, and for the reasons stated below, the Court hereby GRANTS the Motion with respect to Plaintiff's only federal cause of action and REMANDS the case to the Superior Court of the State of California, County of Orange.

       I.      BACKGROUND

       In January 2006, Plaintiff obtained two home loans – a $1,500,000 principal loan and a $750,000 home equity line of credit from Countrywide Bank, N.A.. FAC, ¶ 13. Plaintiff appears to have become delinquent in her loan payments and now faces foreclosures. Plaintiff asserts ten causes of action against Defendants relating to various alleged defects in the loan origination and foreclosure process. The only cause of action based on federal law alleges a violation of the Truth In Lending Act ("TILA").

## II.     LEGAL STANDARD

### Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)). In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949. If the facts only allow a court to draw a reasonable inference that the defendant is possible liable, then the complaint must be dismissed. *Id.* Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950. Determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense. *Id.*

In evaluating a 12(b)(6) motion, review is "limited to the contents of the complaint." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). However, exhibits attached to the complaint, as well as matters of public record, may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment. *See Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Further, a court may consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "The Court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.*

Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### Declining Supplemental Jurisdiction

28 U.S.C.A. § 1367(c)(3) provides that a district court may decline to exercise jurisdiction over supplemental state-law claims if the court has dismissed all claims over which it has original jurisdiction. Although the district court may retain jurisdiction over the state-law claims remaining after a dismissal, especially where judicial resources have been expended, in the usual case

in which all federal law claims are eliminated before trial, the factors of judicial economy, convenience, fairness, and comity weigh in favor of declining supplemental jurisdiction. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988)

### III.   DISCUSSION

#### a.   Truth In Lending Act ("TILA") Claim

Plaintiff's first cause of action asserts a violation of the Truth In Lending Act ("TILA"). In addition to challenging the substantive adequacy of Plaintiff's TILA claim, Defendants move the Court to dismiss this cause of action (1) because Plaintiff has not alleged her ability to tender the amount of money due on her mortgage loan and (2) because Plaintiff's claim is barred by the applicable statute of limitations.

With respect to Defendant's first argument, the Court disagrees that the rule of tender requires the borrower to tender the full amount owed under the loan, where, as here, a plaintiffs' underlying claims concern the non-disclosure of information which resulted in a distortion of the loan amount. In her TILA claim, Plaintiff alleges that she would not have entered into the loan agreement had the loan's true terms been disclosed to her. To require tender in such a circumstance would eviscerate the very basis for TILA's disclosure requirements. The tender requirements, if any, may be fashioned with a view to equitable concerns. *See* 4 Miller & Starr, *Cal. Real Estate*, § 10.212 (3d ed. 2009). In this case, it would make little sense to require Plaintiff to allege the ability to tender the unpaid balance on the loan, when Plaintiff contests the very amount of that unpaid balance.

Defendants' argument that the statute of limitations has run on Plaintiff's TILA claim, however, is well taken. An action for rescission under TILA must be brought within three years of the date of the alleged violation; action for damages under TILA must be brought within one year of that date. 15 U.S.C. §§ 1635(f); *see also Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002). The clock begins to run on the date when a plaintiff first has a reason to suspect a factual basis for his or her claim, meaning that the Plaintiff must have received "notice or information of circumstances [that would] put a reasonable person on inquiry" of a TILA violation. *Nogart v. Upjohn*, 21 Cal. 4th 383, 397-98 (1999). Typically, plaintiffs have a reason to suspect a TILA violation on the date that they sign their loan documents. *Meyer v. Ameriquest Mortgage Co.*, 342 F.2d 899, 902 (9th Cir. 2003).

In this case, Plaintiff executed her loan documents on January 27, 2006. FAC, ¶¶ 9-10. She did not file suit until August 2, 2010 – more than three years later. Plaintiff offers no reason why the Court should not follow the default rule of treating the date that Plaintiff executed her loan documents as the date of injury, nor does Plaintiff allege sufficient facts to entitle her to the benefit of equitable tolling. To successfully plead the application of equitable tolling, a plaintiff must set forth facts showing that "despite all due diligence, a plaintiff is unable to obtain vital information bearing on the

existence of his claim." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000). Here, Plaintiff simply states, in her Opposition, that equitable tolling is appropriate because Plaintiff is having trouble "find[ing] the necessary parties to contact for her to obtain vital information concerning her loan." Pl.'s Opp. at 14. This vague statement, which does not appear in the FAC, offers no information concerning steps that Plaintiff took in attempt to file her complaint within the statutory period. Because equitable tolling does not apply unless a party exercised "all due diligence," Plaintiff's statement in her Opposition fails to persuade the court that equitable tolling is warranted. Plaintiff's TILA claim is barred by the applicable statute of limitations.

Accordingly, Defendants' Motion to Dismiss is GRANTED with respect to Plaintiff's claim under TILA. This claim is hereby DISMISSED WITH PREJUDICE.

### b. The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's Remaining State-Law Claims

Defendants removed this action from state court on the basis of federal question jurisdiction. Plaintiff's now-dismissed TILA claim was the only cause of action in the FAC to implicate a federal question. Pursuant to 28 U.S.C.A. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims, all of which are grounded in California state law. Instead, the Court hereby REMANDS the case to the Superior Court of the State of California, County of Orange.

## VI. DISPOSITION

For the reasons set forth above, the Court hereby GRANTS Defendants' Motion with respect to Plaintiff's claim for violation of the Truth In Lending Act.

The Court further REMANDS the case to the Superior Court of the State of California, County of Orange.